UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

NIKI ROBINSON AND
PATRICK TOMLINSON,

    *Plaintiffs*,

    v.

CITY OF MILWAUKEE AND
LYNDON EVANS

    Case No: 2:24-cv-264

    *Defendants.*

---

# COMPLAINT

Plaintiffs Niki Robinson and Patrick Tomlinson, by their attorneys, Strang Bradley, LLC, for their complaint against Defendants, state:

## INTRODUCTION

1. Niki Robinson and Patrick Tomlinson are the targets of a vicious campaign of domestic terrorism, carried out at the hands of a group of bullies who hide behind the anonymity of the internet.

2. The bullies' main weapon of choice is something called "swatting," which is when someone who wants to endanger the life and safety of another calls 911 and lies to provoke a dangerous police response to the victim's home.

3. The goal is to either harm or terrorize an innocent person at the hands of the police, who the caller is hoping will barge into their victim's home and, in the chaos, injure or kill them.

4. "Swatting" has become a widespread and well-known method of harassment, with several states and the federal government adopting harsh criminal penalties to deter would-be swatters.

5. Normally the police are unwitting tools of these bad actors who have no choice but to take these false calls at face value.

6. But Niki and Patrick's situation is different because the Milwaukee Police Department has responded to swatting calls to their home *over 40 times* in the past two years.

7. Any rational police force would have recognized at some point that any calls involving the Robinson-Tomlinson home were clearly false and should not be taken seriously.

8. Any rational police force would have implemented some sort of policy to avoid becoming a tool of terror against the very citizens they are sworn to protect.

9. But time and time again, the Milwaukee police have ignored reality, resulting in multiple illegal searches of Niki and Patrick's home and illegal seizures of their persons.

10. This insanity has drawn local, national, and international media attention.

11. Niki and Patrick have tried to work with the City of Milwaukee to stop this, but the City of Milwaukee failed to adopt any policy or safeguards in place to prevent Niki and Patrick's stalkers from using the police department as a tool of terror.

12. And while many of the police officers who have responded to Patrick and Niki's home have been kind, understanding, and compassionate, others have not.

13. The worst offender is Sergeant Lyndon Evans.

14. On the three occasions, Sergeant Evans responded to a swatting call with abuse and violence.

15. Sergeant Evans told Niki and Patrick that he was "well aware" of the situation, but still demanded to be let inside their home, going so far as to threaten to break down the front door if he was not allowed inside.

16. Niki and Patrick live in a constant state of fear, worried that the next encounter they have with the police will be their last.

17. Every knock on the door or police car that drives by leaves them terrified that they are about to be staring down an officer's gun or that they will be paraded outside in handcuffs to their further humiliation.

18. This lawsuit seeks to end the madness and vindicate the violation of Plaintiffs' constitutional rights. It seeks to effect change through punitive damages by punishing the Defendants for their egregious conduct with the hope that the punishment is significant enough to prevent this from happening again in the future.

**JURISDICTION AND VENUE**

19. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

20. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331 and the state law claim for indemnification under 28 U.S.C. § 1367.

21. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Milwaukee is a political subdivision of the state of Wisconsin located within this judicial district.

Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

22. Plaintiff Niki Robinson is a resident of the State of Wisconsin and the County of Milwaukee.

23. Plaintiff Patrick Tomlinson is a resident of the State of Wisconsin and the County of Milwaukee.

24. Defendant City of Milwaukee is a political subdivision of the state of Wisconsin.

25. Defendant City of Milwaukee is or was the employer of Defendant Evans and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

26. Defendant Lyndon Evans was, at the time of this occurrence, employed as a sergeant in the City of Milwaukee's Police Department.

27. Defendant Evans engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and or regulation.

28. Defendant Evans engaged in the conduct complained of in the course and scope of his employment with the City of Milwaukee. He is sued in his individual capacity.

## FACTS

29. Niki and Patrick Tomlinson first realized their home was no longer safe on July 25, 2022.

30. Two weeks earlier, Patrick spoke to officers at his local district to inform him that the group of online bullies who were stalking him and his wife Niki were threatening to swat him through harassing text messages.

31. Niki called the FBI as well, telling them the same thing.

32. Their words fell on deaf ears.

33. On July 25, 2022, police officers appeared on their front porch holding guns at one in the morning.

34. Patrick was home alone, and without even time to get dressed, was ordered out of the home at gunpoint and left completely naked in handcuffs outside while the officers entered his home without a warrant to search it.

35. The next time they were swatted, on August 11, 2022, Niki was home alone.

36. She too was ordered out of the home and seized, and their house was again searched without a warrant.

37. For a moment, Niki and Patrick thought the Milwaukee police were going to help them.

38. On September 22, 2022, officers arrived at their home, but politely told them they knew the report was false and left right away after telling the couple they didn't need to come inside.

39. But their hopes gave way to renewed terror on October 1, 2022, when Niki was ordered out of the house by officers stacked up behind a ballistic shield. The officers aimed rifles at her and then proceeded to search the Robinson-Tomlinson home without a warrant.

5
Case 2:24-cv-00264-WED   Filed 02/28/24   Page 5 of 17   Document 1

40. On November 4 and 30, police officers responded to their home but simply knocked on the door and had a polite conversation with them about their situation.

41. But on March 20, 2023, Sergeant Lyndon Evans was one of the officers who was called to what was the 18th false 911 call (so far) made by Niki and Patrick's stalkers.

42. Sergeant Evans told them he was "well aware" of their situation but still entered their home without a warrant to search it even though he was told that he could not come inside.

43. On April 11, 2023, there were *four separate* swatting attempts.

44. Three of them ended peacefully with a simple conversation.

45. But on the last one, late at night, six armed police officers came to the Tomlinson home and again detained Niki at gunpoint.

46. Patrick, who saw the whole thing on their doorbell camera, rushed home to be with his wife.

47. When he got home, Patrick was illegally detained by the officers who threatened to place him in handcuffs for trying to go inside his own home.

48. The *very next day*, April 12, 2023, Sergeant Evans responded to a false 911 call at their home and told Niki and Patrick that he would *kick down their door* if they did not open it so he could look inside.

49. By trespassing on Niki and Patrick's porch and threatening to kick down their door, Sergeant Evans conducted an illegal search.

50. Then, *again*, on April 17, 2023, Sergeant Evans came back and threatened to break down the door if Niki and Patrick didn't open it.

51. By trespassing on Niki and Patrick's porch and threatening to kick down their door, Sergeant Evans conducted an illegal search.

52. Since then, although the Milwaukee police have received at least fifteen additional swatting calls, they have thankfully not invaded Niki and Patrick's home again.

53. As a direct and proximate result of the acts of Defendants, as detailed above, Plaintiffs have suffered, *inter alia*, physical pain, mental distress, humiliation, loss of liberty, and incurred expenses.

**COUNT I:**
**42 U.S.C. § 1983 *Monell*[1] Claim for Unlawful Search and Seizure against City of Milwaukee for July 25, 2022, Swatting Incident**

54. Plaintiffs reallege the above paragraphs.

55. On July 25, 2022, members of the Milwaukee Police Department conducted a warrantless search of Niki and Patrick's home and warrantless seizure of their persons.

56. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

57. Any reasonable officer would have known there was not an exigency.

58. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

59. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting an illegal search of Plaintiffs' home and seizure of their persons.

---

[1] *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978).

60. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick Tomlinson.

61. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to prevent Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

62. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT II:
**42 U.S.C. § 1983 *Monell* Claim for Unlawful Search and Seizure against City of Milwaukee for August 11, 2022, Swatting Incident**

63. Plaintiffs reallege the above paragraphs.

64. On August 11, 2022, members of the Milwaukee Police Department conducted a warrantless search of Niki and Patrick's home and warrantless seizure of their persons.

65. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

66. Any reasonable officer would have known there was not an exigency.

67. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

68. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' home and seizure of their persons.

69. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

70. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

71. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT III:
**42 U.S.C. § 1983 *Monell* Claim for Unlawful Search and Seizure against City of Milwaukee for October 1, 2022, Swatting Incident**

72. Plaintiffs reallege the above paragraphs.

73. On October 1, 2022, members of the Milwaukee Police Department conducted a warrantless search of Niki and Patrick's home and warrantless seizure of their persons.

74. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

75. Any reasonable officer would have known there was not an exigency.

76. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

77. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' home and seizure of their persons.

78. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

79. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

80. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT IV:
### 42 U.S.C. § 1983 *Monell* Claim for Unlawful Search and Seizure against City of Milwaukee and Lyndon Evans for March 20, 2023, Swatting Incident

81. Plaintiffs reallege the above paragraphs.

82. On March 20, 2023, members of the Milwaukee Police Department, including Defendant Evans, conducted a warrantless search of Niki and Patrick's home and warrantless seizure of their persons without exigency.

83. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

84. Any reasonable officer would have known there was not an exigency.

85. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

86. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' home and seizure of their persons.

87. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

88. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiff's Fourth Amendment Rights.

89. Defendant Evans was personally aware that Patrick and Niki were the victims of a swatting campaign, so he had no reason to believe he had probable cause or exigent circumstances justifying a seizure or search of the home.

90. Defendant Evans did so anyway.

91. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

### COUNT V:
### 42 U.S.C. § 1983 *Monell* Claim for Unlawful Search and Seizure against City of Milwaukee for April 11, 2023, Swatting Incident

92. Plaintiffs reallege the above paragraphs.

93. On April 11, 2023, members of the Milwaukee Police Department conducted a warrantless search of Niki and Patrick's home and warrantless seizure of their persons without exigency.

94. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

95. Any reasonable officer would have known there was not an exigency.

96. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

97. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' home and seizure of their persons.

98. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

99. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

100. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT VI:
**42 U.S.C. § 1983 *Monell* Claim for Unlawful Search against City of Milwaukee and Lyndon Evans for April 12, 2023, Swatting Incident**

101. Plaintiffs reallege the above paragraphs.

102. On April 12, 2023, members of the Milwaukee Police Department, including Defendant Evans, conducted a warrantless search of Niki and Patrick's curtilage.

103. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

104. Any reasonable officer would have known there was not an exigency.

105. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

106. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' curtilage.

107. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

108. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

109. Defendant Evans was personally aware that Patrick and Niki were the victims of a swatting campaign, so he had no reason to believe he had probable cause or exigent circumstances justifying his trespass on their curtilage.

110. Defendants Evans did so anyway.

111. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

### COUNT VII:
### 42 U.S.C. § 1983 *Monell* Claim for Unlawful Search and Seizure against City of Milwaukee and Lyndon Evans for April 17, 2023, Swatting Incident

112. Plaintiffs reallege the above paragraphs.

113. On April 12, 2023, members of the Milwaukee Police Department, including Defendant Evans, conducted a warrantless search of Niki and Patrick's curtilage.

114. Any reasonable officer would have known there was not probable cause to believe a crime was committed or someone was in danger.

115. Any reasonable officer would have known there was not an exigency.

116. Any reasonable officer would have known they were being used as an implement of harassment by Niki and Patrick's stalkers.

117. Despite being aware that Niki and Patrick were the victims of a vicious and dangerous swatting campaign, the City of Milwaukee failed to implement any policy, practice, or procedure to stop officers from conducting the illegal search of Plaintiffs' home and seizure of their persons.

118. The City of Milwaukee failed to adequately train or supervise its officers on swatting and on the swatting campaign against Niki and Patrick.

119. The City of Milwaukee's failure to adequately train or supervise its officers and its failure to implement any policy or procedure to protect Plaintiffs from being swatted by the police was a direct cause or moving force behind the violation of Plaintiffs' Fourth Amendment rights.

120. Defendant Evans was personally aware that Patrick and Niki were the victims of a swatting campaign, so he had no reason to believe he had probable cause or exigent circumstances justifying his trespass on their curtilage.

121. Defendants Evans did so anyway.

122. The aforementioned actions of Defendants were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand actual or compensatory damages against Defendants; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 28 February 2024,

/s/ James Odell
John H. Bradley
  Wisconsin Bar No. 1053124
James Odell
  Wisconsin Bar No. 1131587
William E. Grau
  Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
James@StrangBradley.com
William@StrangBradley.com

Attorneys for Plaintiff