UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Niki Robinson and Patrick Tomlinson,

    *Plaintiffs*,

    *v.*                         Case No: 2:24-cv-264

City of Milwaukee and Lyndon Evans,

    *Defendants.*

## PARTIES' JOINT WRITTEN REPORT AND PROPOSED DISCOVERY PLAN

The parties, by their undersigned counsel, conferred under Federal Rule of Civil Procedure 26(f) on March 28, 2024. The parties hereby jointly submit the following Written Report and Proposed Discovery Plan under Fed. R. Civ. P. 26(f) and Civil L.R. 16.

**(1)** **A concise statement of the nature of the case.** This is a civil rights action brought under 42 U.S.C. §1983. Plaintiffs Niki Robinson and Patrick Tomlinson allege that the Defendant City of Milwaukee knew the Plaintiffs were the victims of swatting, failed to implement any policy, practice, or procedure to stop officers from conducting illegal searches of their home and seizure of their persons, and failed to adequately train or supervise their officers on swatting. They further allege Defendant Lyndon Evans unlawfully seized them and searched their home on multiple occasions. Plaintiffs allege that these actions deprived Plaintiffs of their rights under the Fourth Amendment of the United States Constitution.

**(2) Any contemplated motions.** Defendants anticipate filing a motion to dismiss. Plaintiff and Defendants anticipate filing summary judgment motions.

**(3) Subject matter jurisdiction.** The parties agree that subject matter jurisdiction of this court is addressed in the pleadings; jurisdiction is conferred on this court by 28 U.S.C. §§ 1331 and 1367.

**(4) Whether the case is exempted from initial disclosures and discovery conference.** This case is not one of the categories of proceedings exempted from initial disclosures and discovery conferences under Fed. R. Civ. P. 26(a)(1)(B) and 26(f).

**(5) The estimated trial length.** The parties estimate that four days are needed for trial.

**(6) Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule.** In addition to the items discussed above, the parties have also discussed the following matters listed under Fed. R. Civ. P. 26(f):

**(a) The possibility of promptly settling or resolving the case.** The parties have not engaged in any settlement discussions at this point but agree to consider third-party neutral mediation upon completion of discovery, or earlier, if useful.

**(b) Disclosures under Fed. R. Civ. P. 26(a)(1).** The parties shall submit their Initial Disclosures under Rule 26(a)(1) on or before the date listed in the below proposed schedule. In addition to describing responsive documents within their Rule 26(a)(1) Initial Disclosures, the parties agree that each will send copies of responsive documents

in its possession to all other parties along with their Rule 26(a)(1) Initial Disclosures. The parties request no other change in the form of the disclosures.

**(c)** **Preserving discoverable information.** The parties do not anticipate any issues with the preservation of discoverable information.

**(d)** **Discovery plan.**

> **i.** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The subjects of discovery will be primarily focused on the issues of liability, immunity, and damages. The parties do not believe discovery needs to be conducted in phases or limited to particular issues. Discovery should be completed by the date listed in the below-proposed schedule.

> **ii.** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that to the extent discovery in this case includes the production of electronically stored information, they will discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored information as necessary.

> **iii.** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

The parties propose that any privilege logs will be served simultaneously with written responses and/or objections to document production.

3

iv. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None.

v. **Service by email and electronic copies.**

The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be considered personal service under the Federal Rules and complete upon transmission, such that three days are not added to the response deadline under Fed. R. Civ. P. 6(d), provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that, upon request, copies of all written discovery requests shall be provided in editable form (e.g., in Microsoft Word).

vi. **Proposed schedule.** The parties propose the following schedule, assuming a trial will occur in the Summer of 2025.

| | |
|---|---|
| Initial Disclosures | April 19, 2024 |
| Final date to Amend Pleadings without Leave of Court | July 5, 2024 |
| Plaintiff's Expert Disclosures and Reports | October 7, 2024 |
| Defendants' Expert Disclosures and Reports | December 9, 2024 |
| Close of Discovery | April 4, 2025 |
| Dispositive Motions | May 2, 2025 |

Dated April 2, 2024,

STRANG BRADLEY, LLC,
Attorneys for Plaintiffs Niki Robinson and Patrick Tomlinson

By: /s/ James Odell
    John H. Bradley
      Wisconsin Bar No. 1053124
    James Odell
      Wisconsin Bar No. 1131587
    William E. Grau
      Wisconsin Bar No. 1117724
    613 Williamson St., Suite 204
    Madison, Wisconsin 53703
    (608) 535-1550
    John@StrangBradley.com
    James@StrangBradley.com
    William@StrangBradley.com

CITY ATTORNEY'S OFFICE, CITY OF MILWAUKEE
Attorneys for Defendants City of Milwaukee and Lyndon Evans

TEARMAN SPENCER
City Attorney

By: /s/ Maria Mesoloras
    Maria Mesoloras, Assistant City Attorney
        Wisconsin Bar No. 1098921
    William Hotchkiss, Assistant City Attorney
        Wisconsin Bar No. 1112878
    800 City Hall
    200 E. Wells St.
    Milwaukee, WI 53202
    Phone: (414) 286-2601
    mmesol@milwaukee.gov
    whotch@milwaukee.gov