NIKI ROBINSON and PATRICK TOMLINSON,

        Plaintiffs,

v.                                          Case No. 24-CV-00264

CITY OF MILWAUKEE, LYNDON EVANS,
CHRISTIAN GARRIDO, BRADLEY ORLANDO,
NICOLE PLEVAK, JOHN KOHLER,
JACOB WASECHEK, FIDAH MUSTAFA,
NATHANIEL PETERSEN, SEAN CARLETON,
and PAUL VENTO

        Defendants.

## PARTIES JOINT PROPOSED JURY INSTRUCTIONS

NOW COME the Defendants, by and through counsel, Evan C. Goyke, City Attorney, Assistant City Attorney William Hotchkiss, and Assistant City Attorney Maria Mesoloras, and Plaintiffs, by and through counsel, James Odell of Strang Bradley, LLC, and, in accordance with the Court's pretrial procedures order (ECF 9, pg. 5), respectfully submit their Joint Proposed Jury Instructions in the above-captioned case.

### FIRST REQUESTED JURY INSTRUCTION [SEARCH]:

The Plaintiffs have the burden of proving that the act(s) of the Defendant(s) deprived the Plaintiffs of particular rights under the United States Constitution. In this case, the Plaintiffs allege the Defendant(s) deprived the Plaintiffs of rights under the Fourth Amendment to the Constitution when Defendant(s) entered Plaintiffs' home as a result of emergency calls for service.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of their residence. To prove the Defendant(s) deprived the Plaintiffs of this Fourth Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. Defendants Lyndon Evans,[1] John Kohler,[2] Jacob Wasechek,[3] Fidah Mustafa,[4] Christian Garrido,[5] Bradley Orlando,[6] Sean Carleton,[7] Nathaniel Petersen,[8] and Paul Vento[9] searched the Plaintiffs' residence;

2. in conducting the search, Evans, Kohler, Wasechek, Mustafa, Garrido, Orlando, Carleton, Petersen, and Vento acted intentionally; and

3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, the Plaintiffs must prove Defendants Evans, Kohler, Wasechek, Mustafa, Garrido, Orlando, Carleton, Petersen, and Vento intended to search the Plaintiffs' residence. It is not enough if the Plaintiffs only prove Defendants Evans, Kohler, Wasechek, Mustafa, Garrido, Orlando, Carleton, Petersen, and Vento acted negligently, accidentally or inadvertently in conducting the search. However, the Plaintiffs do not need to prove Defendants Evans, Kohler, Wasechek, Mustafa, Garrido, Orlando, Carleton, Petersen, and Vento intended to violate the plaintiff's Fourth Amendment rights.

In determining whether the search was unreasonable, consider all of the circumstances, including:

(a) the scope of the particular intrusion;
(b) the manner in which it was conducted;
(c) the justification for initiating it; and
(d) the place in which it was conducted.

SOURCES AND AUTHORITIES: 9th Circuit Pattern Civil Jury Instruction No. 9.12; *Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1217 (7th Cir. 2023) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) for the proposition, "The reasonableness of a search depends on four factors: 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'"

**SECOND REQUESTED JURY INSTRUCTION [SEIZURE]:**

Plaintiffs claim that Defendants seized them without reasonable suspicion. To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

---

[1] Counts IV, VI, and VII. (*See* ECF 13, ¶¶ 169, 194, 205).
[2] Count III. (*See* ECF 13, ¶ 157).
[3] Count III. (*See* ECF 13, ¶ 157).
[4] Count III. (*See* ECF 13, ¶ 157).
[5] Count IV. (*See* ECF 13, ¶ 169).
[6] Count IV. (*See* ECF 13, ¶ 169).
[7] Count V. (*See* ECF 13, ¶ 182).
[8] Count VI. (*See* ECF 13, ¶ 194).
[9] Count VII. (*See* ECF 13, ¶ 205).

1.  Defendants Nicole Plevak,[10] John Kohler,[11] Jacob Wasechek,[12] Fidah Mustafa,[13] Lyndon Evans,[14] Christian Garrido,[15] Bradley Orlando,[16] Sean Carleton,[17] Nathaniel Petersen,[18] and Paul Vento[19] seized Plaintiff(s). A person is seized if his movement is restrained by the use of physical force or by a show of authority that the person obeys. [A show of authority occurs when a reasonable person would understand that he is not free to end the encounter.]

2.  [Note: Plaintiffs and Defendants discussed element number two extensively, and were unable to resolve their disagreements about what the proper instruction for it should be. Plaintiffs believe a warrantless seizure within a home can only be justified if Defendants had probable cause and exigent circumstances, whereas Defendants believe a warrantless seizure within a home can be justified if Defendants had reasonable suspicion and exigent circumstances. The parties have included their respective proposed language below, note that these instructions have only been drafted for the purpose of complying with the requirements of the Court's pretrial procedures order, and respectfully request that they be permitted to re-visit the issue of jury instructions if this matter proceeds to trial]

| Plaintiffs' proposed language: | Defendants' proposed language: |
|---|---|
| 2. Defendants Plevak, Kohler, Wasechek, Mustafa, Evans, Garrido, Orlando, Carleton, Petersen, and Vento were not justified in seizing the Plaintiffs. An officer is permitted to seize a person while they conduct a search of a building so long as "the searching officer possessed a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the officer in believing that the area swept harbored an individual posing a danger to the officer or others." | 2. Defendants Plevak, Kohler, Wasechek, Mustafa, Evans, Garrido, Orlando, Carleton, Petersen, and Vento did not have a reasonable suspicion that Plaintiff had committed, was committing, or was about to commit a crime. Reasonable suspicion must be based on specific facts known to the officer, together with the reasonable inferences from those facts. A hunch does not constitute reasonable suspicion. [You may have heard the phrase, "probable cause." Probable cause is not required for the type of seizure you are considering. You should consider only whether there was reasonable |

---

[10] Count II. (*See* ECF 13, ¶ 145, 154).
[11] Count III. (*See* ECF 13, ¶ 157).
[12] Count III. (*See* ECF 13, ¶ 157).
[13] Count III. (*See* ECF 13, ¶ 157).
[14] Count IV, VI, and VII. (*See* ECF 13, ¶¶ 169, 194, 205).
[15] Count IV. (*See* ECF 13, ¶ 169).
[16] Count IV. (*See* ECF 13, ¶ 169).
[17] Count V. (*See* ECF 13, ¶ 182).
[18] Count VI. (*See* ECF 13, ¶ 194).
[19] Count VII. (*See* ECF 13, ¶ 205).

3

| | |
|---|---|
| SOURCES AND AUTHORITIES: *U.S. v. Starnes,* 741 F. 3d 804, 807-8 (7th Cir. 2013) (quoting *Maryland v. Buie,* 494 U.S. 325, 327 (1990); *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980) (holding that New York statute authorizing police officers to enter a private residence without a warrant to make a routine felony arrest was unconstitutional; that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest; and that statutory authority and probable cause are not enough without a warrant, in the absence of exigent circumstances); *United States v. Reeves*, 524 F.3d 1161 (10th Cir. 2008) (quoting *Kirk v. Louisiana*, 536 U.S. 635, 122 S. Ct. 2458, 153 L. Ed. 2d 599 (2002): "[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home," and holding, "That *Payton* applies to all warrantless seizures in the home is the only logical outcome. If we were to hold otherwise, it would allow a seizure in the home when only reasonable suspicion exists, yet prohibit a seizure in the home when an officer has probable cause to arrest, but no exigent circumstances. It cannot be the case that *Payton*'s "firm line at the entrance to the house" offers less protection to individuals for whom probable cause to arrest does not exist."). | suspicion for the seizure as I have defined it in this instruction.]<br><br>SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.06 (citing as authority *Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968); *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). *See also Florida v. Bostick*, 501 U.S. 429, 434 (1991); *California v. Hodari D.*, 499 U.S. 621, 628 (1991); *United States v. Snow*, 656 F.3d 498, 500 (7th Cir. 2011)); *Gut v. City of Wausau*, 592 F. Supp. 3d 777, 785-86 (W.D. Wis. 2022) (concluding that because Plaintiff's initial seizure was not an "arrest," officers did not need probable cause to order him outside, distinguishing *Payton* and other cases cited by the Plaintiff because all involved arrests inside of the home, and noting that ordering someone to step outside of their home does not implicate the same privacy concerns and that, in any event, arrests require probable cause regardless of where they take place); *United States v. Richmond*, 924 F.3d 404, 412-13 (7th Cir. 2019) (noting that the Supreme Court has yet to directly address the constitutionality of a *Terry* stop within a home's curtilage, but that the Seventh Circuit has allowed a *Terry* stop in a structure attendant to a house (*see United States v. Pace*, 898 F.2d 1218, 1223 (7th Cir. 1990) (balancing the potential for harm against the intrusion on the defendant's privacy and holding both the officer's suspicion and entry were reasonable)). |

3. Defendants Plevak, Kohler, Wasechek, Mustafa, Evans, Garrido, Orlando, Carleton, Petersen, and Vento acted under color of law. If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to

4

prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.06 (except as for Plaintiffs' proposed language for element no. 2).

## PLAINTIFFS' THIRD REQUESTED JURY INSTRUCTION [MERGER OF SEARCH AND SEIZURE]:

[Note: Plaintiffs believe that, in this case, the claims of improper home entry and improper seizures were linked, so the jury's decision on the issue of entry into Plaintiffs' residence necessarily controls whether any seizures of the Plaintiffs pursuant to that entry were justified. Defendants disagree, and believe they are separate and distinct issues for the jury to decide. The parties have included their respective proposed language below, note that these instructions have only been drafted for the purpose of complying with the requirements of the Court's pretrial procedures order, and respectfully request that they be permitted to re-visit the issue of jury instructions if this matter proceeds to trial]

| Plaintiffs' proposed language: | Defendants' proposed language: |
|---|---|
| In this case, the claims of improper home entry and the improper seizures are linked. If you find that, on any of the times the Defendants entered the Plaintiffs' homes they did so without proper justification, then you should find that any seizures of the Plaintiffs pursuant to that entry were also without proper justification. On the other hand, if you find that an entry into the Plaintiffs' home was justified, you should find that the seizure of the Plaintiffs in connection to that entry was also justified.<br><br>SOURCES AND AUTHORITIES: *Muehler v. Mena,* 544 U.S. 93, 98-99 (2005) (finding that "an officer's authority to detain incident to a search is categorical; it does not depend on the quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.") (citing *Michigan v. Summers,* 452 U.S. 692 (1981)). | [Defendants propose that no jury instruction be given concerning merger of search and seizure.]<br><br>SOURCES AND AUTHORITIES: *Hamilton v. Vill. of Oak Lawn, Ill.*, 735 F.3d 967, 970 (7th Cir. 2013) (internal citations omitted) (contemplates that a person detained within their home can constitute a *Terry* stop, but notes that a two hour detention is too long to constitute a *Terry* stop); *Bailey v. United States*, 568 U.S. 186, 133 S. Ct. 1031, 1033-34, 185 L. Ed. 2d 19 (2013) (noting that *Michigan v. Summers*, 452 U.S. 692, 705, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981), "permits officers executing a search warrant 'to detain the occupants of the premises while a proper search is conducted,' 452 U.S., at 705, 101 S.Ct. 2587, even when there is no particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers, *Muehler v. Mena,* |

5

| | 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299.") |
|---|---|

**FOURTH REQUESTED JURY INSTRUCTION [EXIGENT CIRCUMSTANCES]:**

In general, a search of a residence is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant.

[A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing.]

Under an exception to this rule, a search warrant is not required and a search is reasonable if:

1. all of the circumstances known to the officer(s) at the time of the entry or the search would cause a reasonable person to believe that the entry or the search of the residence was necessary to prevent destruction of evidence, escape of a suspect, physical harm to the officers or other persons, or to render emergency assistance to an injured occupant or to protect an occupant from imminent injury;

2. at the time the officer made the entry or the search, the officer had probable cause to believe that a crime had been or was being committed; and

3. there was insufficient time to get a search warrant.

"Probable cause" exists when, under all of the circumstances known to the officer(s) at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff(s) had committed or were committing a crime.

In order to prove the search in this case was unreasonable, the Plaintiffs must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

SOURCES AND AUTHORITIES: 9th Circuit Pattern Civil Jury Instruction No. 9.16; *Ker v. California*, 374 U.S. 23, 40 (1963) (permits officers to enter a home without a warrant to prevent the imminent destruction of evidence); *Minnesota v. Olson*, 495 U.S. 91 (1990) (permits officers to enter a home without a warrant to prevent a suspect's escape and to address the risk of danger to police); *United States v. Santana,* 427 U.S. 38, 42, 43 (1976) (permits officers to enter a home without a warrant to engage in "hot pursuit" of a fleeing suspect); and *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650 (2006) ("emergency aid" exception permits officers to "enter a home without a

6

warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury").

**FIFTH REQUESTED JURY INSTRUCTION [FAILURE TO INTERVENE]:**

Plaintiffs must prove by a preponderance of the evidence that Nicole Plevak,[20] John Kohler,[21] Jacob Wasechek,[22] Fidah Mustafa,[23] Lyndon Evans,[24] Christian Garrido,[25] Bradley Orlando,[26] Sean Carleton,[27] Nathaniel Petersen,[28] and Paul Vento[29] were personally involved in the conduct that Plaintiffs complain about. You may not hold Defendants Plevak. Kohler, Wasechek, Mustafa, Evans, Garrido, Orlando, Carleton, Petersen, and Vento liable for what others did or did not do.

However, to succeed on their failure to intervene claim against Defendant(s), Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Defendants Nicole Plevak,[30] Lyndon Evans,[31] John Kohler,[32] Jacob Wasechek,[33] Fidah Mustafa,[34] Christian Garrido,[35] Bradley Orlando,[36] Sean Carleton,[37] Nathaniel Petersen,[38] and Paul Vento[39] seized Plaintiffs and searched Plaintiffs' residence without a warrant.

2. Defendant(s) knew that Defendants Plevak, Evans, Kohler, Wasechek, Mustafa, Garrido, Orlando, Carleton, Petersen, and Vento were about to conduct an unreasonable seizure of Plaintiffs and/or unreasonable search of Plaintiffs' residence.

3. Defendant(s) had a realistic opportunity to do something to prevent harm from occurring.

---

[20] Count II. (*See* ECF 13, ¶¶ 153-154).
[21] Count III. (*See* ECF 13, ¶¶ 165-166).
[22] Count III. (*See* ECF 13, ¶¶ 165-166).
[23] Count III. (*See* ECF 13, ¶¶ 165-166).
[24] Counts IV, VI, and VII. (*See* ECF 13, ¶¶ 177-178, 213-214).
[25] Count IV. (*See* ECF 13, ¶¶ 177-178).
[26] Count IV. (*See* ECF 13, ¶¶ 177-178).
[27] Count V. (*See* ECF 13, ¶¶ 190-191).
[28] Count VI. (*See* ECF 13).
[29] Count VII. (*See* ECF 13, ¶¶ 213-214).
[30] Count II. (*See* ECF 13, ¶ 145, 154).
[31] Counts IV, VI, and VII. (*See* ECF 13, ¶¶ 169, 194, 205).
[32] Count III. (*See* ECF 13, ¶ 157).
[33] Count III. (*See* ECF 13, ¶ 157).
[34] Count III. (*See* ECF 13, ¶ 157).
[35] Count IV. (*See* ECF 13, ¶ 169).
[36] Count IV. (*See* ECF 13, ¶ 169).
[37] Count V. (*See* ECF 13, ¶ 182).
[38] Count VI. (*See* ECF 13, ¶ 194).
[39] Count VII. (*See* ECF 13, ¶ 205).

4. Defendant(s) failed to take reasonable steps to prevent harm from occurring.

5. Defendant(s) failure to act caused Plaintiffs to suffer harm.

6. Defendant(s) acted under color of law.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages. If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.02 (citing as authority *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986); *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985)) and 7th Circuit Pattern Jury Instruction 7.22 (citing as authority *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 477-78 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).

**SIXTH REQUESTED JURY INSTRUCTION ["UNDER COLOR OF LAW" – PUBLIC EMPLOYEE DEFENDANT]:**

One of the things Plaintiffs must prove is that Defendants acted "under color of law."

A person who is employed by the government acts "under color of law" if they use or misuse authority that they have because of their official position. A person may act under color of law even if they are violating a law or policy. [You may find that Defendant(s) acted under color of law even if they were acting outside their authority if they represented themselves as having that authority or if they otherwise used their position to accomplish the act.]

SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.03 (Committee Comment citing *United States v. Price*, 383 U.S. 787, 794 n.7 (1966) for the proposition that the inquiry for determining whether a person acted "under color of law" under § 1983 is generally the same as determining whether a person is a "state actor" under the Constitution).

**SEVENTH REQUESTED JURY INSTRUCTION [LIABILITY OF MUNICIPALITY]:**

If you find that Plaintiffs have proved a constitutional violation by a preponderance of the evidence, you must consider whether the City of Milwaukee is also liable to Plaintiffs. The City of Milwaukee is not responsible simply because it employed Defendant officers.

To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Plaintiffs were unreasonably searched and seized in violation of the Fourth Amendment when Defendant officers, responding to emergency calls for service, briefly detained Plaintiff(s) and entered their residence.

2. At the time, the City of Milwaukee had a policy of ignoring information that would have led the officers to realize that the 911 calls were bogus and failing to disregard facts tending to dissipate the officers' belief that probable cause or exigent circumstances justified their entry into the home. The term policy means a custom of ignoring information that would have led the officers to realize that the 911 calls were bogus and failing to disregard facts tending to dissipate the officers' belief that probable cause or exigent circumstances justified their entry into the home. That this custom was persistent and widespread, so that it is City of Milwaukee's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Milwaukee has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. [This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.]

3. The policy as described in paragraph 2 caused the unreasonable seizure of Plaintiffs and the unreasonable search of Plaintiffs' residence.

SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.24 (citing as authority *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759-760 (7th Cir. 2005); *Monfils v. Taylor*, 165 F.3d 511, 517-518 (7th Cir. 1998); *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 511 (7th Cir. 1993)).

**EIGHTH REQUESTED JURY INSTRUCTION [LIABILITY OF MUNICIPALITY FOR FAILURE TO TRAIN, SUPERVISE, OR DISCIPLINE]:**

To succeed on their claim against the City of Milwaukee for a policy of failure to train, supervise, and/or discipline its officers, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. The City of Milwaukee's training program was not adequate to train its officers to properly handle recurring situations, or the City of Milwaukee failed to adequately supervise or discipline its officers;

2. The City of Milwaukee knew that it was highly predictable that searches and/or seizures in violation of the Fourth Amendment would occur without more/different training and/or adequate supervision/discipline of its officers, because there was a pattern of similar constitutional violations or it was highly predictable even without a pattern of similar constitutional violations; and

3. The City of Milwaukee's failure to provide adequate training/supervision caused the violation of Plaintiffs' Fourth Amendment rights.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

SOURCES AND AUTHORITIES: 7th Circuit Pattern Civil Jury Instruction No. 7.25 (citing as authority *Connick v. Thompson*, 131 S. Ct. 1350, 1365 (2011) (while "highly predictable" is a viable basis to establish deliberate indifference, it was not highly predictable in this case that failure to better train prosecutors on Brady obligations would have had resulted in the production of the exculpatory evidence and prevented plaintiff's wrongful conviction); *City of Canton v. Harris*, 489 U.S. 378, 388-391 (1989) (presenting the municipal liability that would flow from the hypothetical scenario of arming police with no training in the constitutional use of deadly force; the "highly predictable" consequence of a constitutional violation in this context could result in municipal liability without a pattern of prior constitutional violations); *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997).

Dated and signed at Milwaukee, Wisconsin this 1st day of August, 2024.

| | |
|---|---|
| STRANG BRADLEY, LLC. | EVAN C. GOYKE |
| | City Attorney |
| /s/ James Odell | |
| JAMES ODELL | /s/ Maria Mesoloras |
| State Bar No. 1131587 | MARIA MESOLORAS |
| JOH H. BRADLEY | Assistant City Attorney |
| State Bar No. 1053124 | State Bar No. 1098921 |
| WILLIAM E. GRAU | WILLIAM HOTCHKISS |
| State Bar No. 1117724 | Assistant City Attorney |
| *Attorneys for the Plaintiffs* | State Bar No. 1112878 |
| | *Attorneys for the Defendants* |
| ADDRESS: | |
| 613 Williamson St., Suite 204 | ADDRESS: |
| Madison, WI 53703 | 800 City Hall |
| (608) 535-1550 | 200 East Wells Street |
| Email: James@StrangBradley.com | Milwaukee, WI 53202 |
| John@StrangBradley.com | Telephone: (414) 286-2601 |
| William@StrangBradley.com | Fax: (414) 286-8014 |
| | Email: mmesol@milwaukee.gov |
| | whotch@milwaukee.gov |

1032-2024-394/291756