UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

NIKI ROBINSON and PATRICK TOMLINSON,

               Plaintiffs,

v.                                                                  Case No. 24-CV-00264

CITY OF MILWAUKEE, LYNDON EVANS,
CHRISTIAN GARRIDO, BRADLEY ORLANDO,
NICOLE PLEVAK, JOHN KOHLER,
JACOB WASECHEK, FIDAH MUSTAFA,
NATHANIEL PETERSEN, SEAN CARLETON,
and PAUL VENTO,

               Defendants.
_____

**DEFENDANTS' UNOPPOSED CIVIL L.R. 7(h) MOTION TO STAY DISCOVERY AND DEADLINES PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**
_____

      NOW COME Defendants, Fidah Mustafa, John Kohler, Nicole Plevak, Bradley Orlando, Nathaniel Petersen, Sean Carleton, Christian Garrido, City of Milwaukee, Lyndon Evans, Paul Vento, and Jacob Wasechek, by counsel, Evan C. Goyke, City Attorney, by William Hotchkiss, Assistant City Attorney, hereby move this Honorable Court pursuant to Civil L.R. 7(h) for an order staying discovery and deadlines pending ruling on Defendants' motion to dismiss, based on the following grounds:

      On April 2, 2024, the Court implemented a scheduling order with an Interim Settlement Report deadline of November 15, 2024 and a Dispositive Motions Deadline of December 20, 2024. (ECF No. 12). On August 1, 2024, Defendants filed their motion to dismiss and supporting brief. (ECF No. 27, 28). On August 21, 2024, Plaintiffs filed their

brief in opposition the motion to dismiss. (ECF No. 31). On September 4, 2024, Defendants' filed their reply brief. (ECF No. 32).

This court has discretion to limit the scope of discovery or order that discovery be conducted in a particular sequence. *See* Fed. R. Civ. P. 26(c) and (d). Defendants' motion to dismiss is based significantly on the concept of qualified immunity. The Supreme Court as far back as *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) has supported a stay of discovery for a decision on qualified immunity, stating, "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Id.* at 818.

The Supreme Court has instructed that trial courts should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery. *Anderson v. Creighton,* 483 U.S. 635, 646, (1986) ("One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.... For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation.") (quotations and citations omitted); *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738 ("Until th[e] threshold immunity question is resolved, discovery should not be allowed.").

Counsel for Defendants has conferred with Counsel for Plaintiffs and Plaintiffs do not oppose this motion. For these reasons, Defendants respectfully request that this court

issue an order staying discovery and the deadlines set in the Court's original scheduling order.

    Dated and signed at Milwaukee, Wisconsin this 20th day of September, 2024.

                                                 EVAN C. GOYKE
                                                 City Attorney

                                               s/ *William Hotchkiss*
                                               WILLIAM HOTCHKISS
                                               Assistant City Attorney
                                               State Bar No. 1112878
                                               *Attorney for Defendants*

**P.O. ADDRESS:**
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
414-286-2601 – Telephone
414-286-8550 – Facsimile
whotch@milwaukee.gov – Email

1032-2024-394:293515