

Dear Judge Stadtmueller,

Pursuant to and in compliance with your Pretrial Procedures Order [ECF 9], the parties jointly submit the following executive summary:

### I. Meet and confer and discovery progress

Counsel for the parties have met several times to discuss dispositive motions. Discovery has been cooperative. Body camera footage (136 total pieces of footage) and written records for every call for service at the Plaintiffs' residence has been exchanged. Over 2,000 e-mails from the Milwaukee Police Department have also been reviewed.

Depositions of all currently named defendants have been completed except for Defendant Mustafa, which is scheduled for Wednesday. While preparing for his deposition, his counsel discovered there was previously undiscovered body-camera footage relating to his involvement in the October 1, 2022, swatting incident. But the body-camera footage been inadvertently placed under a different case number. The parties agree that the failure to produce this footage was entirely inadvertent.

Upon review of the body-camera footage, Plaintiffs noticed that the footage contradicts some of the deposition testimony provided by other officers in relation to the October 1, 2022, swatting incident. Specifically, officers have claimed they had no previous knowledge of the history of swatting incident at the Plaintiffs' home before their arrival on October 1, 2022.

However, on Defendant Mustafa's body camera, prior to the officers' arrival at the Plaintiffs' home, an unknown officer speaks on the radio channel and says, "be aware



there are multiple calls, a history of calls for shooting at that residence [unintelligible] a known swatting location."

During the deposition of Lyndon Evans on January 23, 2025, the parties also learned that there are multiple "group chat" text-chains District One officers used that may contain relevant discovery. The parties are working through the process of obtaining these text messages. The depositions of the Plaintiffs and the City of Milwaukee are scheduled for early February.

Plaintiffs have drafted a Second Amended Complaint based on information learned in discovery. The amended complaint revives one of the claims previously dismissed without prejudice by the Court, adds additional defendants whose identities were learned during discovery, and dismisses some defendants from the lawsuit. The Defendants do not object to the amended complaint. It will be filed tomorrow.

The parties are requesting leave to file cross-motions for summary judgment. The parties agree that, given the breadth of the electronic discovery, the depositions, and because the body camera footage captures almost all of the substantive police activity at issue in this case, very few disputed facts are at issue in this case and so many of the claims at issue are appropriate for summary judgment. But given the outstanding electronic discovery and the recently discovered body camera footage, the parties jointly request a 90-day extension of the dispositive motion deadline. The extension will allow discovery to be completed and the parties to provide the Court with as comprehensive a factual summary as possible on which to decide the motions.

**Core Undisputed Facts**


In 2022, a group of online individuals began to call in false reports of emergencies to the Plaintiffs' home in what are known as "swatting" attempts. The Plaintiffs live within District One of the Milwaukee Police Department. After a swatting on July 25, 2022, Plaintiff Robinson filed a complaint with the Police and Fire Commission requesting something be done to stop the situation. That same day, members of the command staff at District One began to discuss how to handle the situation. In early August, the supervisors at District One placed a request that the police dispatchers "flag" the Plaintiffs' address as a known swatting risk. That request was denied. Members of the Milwaukee swat team were never informed of the swattings at this time.

Supervisors at District One began to discuss the issue at the Robinson-Tomlinson residence at roll call, but there was no directive on how to handle calls to service at the residence. And this message did not permeate its way fully to the rank-and-file.

Sometime after August 11, 2022, but before October 1, 2022, the City reversed course and flagged Plaintiffs' address as a known swatting location. That information, along with a requirement that a supervisor from District One was to respond, was then included in every dispatch. There are hundreds of e-mails sent between the supervisors at District One discussing the situation at the Robinson-Tomlinson home.

Police response to the home began to vary at that point. On many occasions officers simply made phone contact with the Plaintiffs to confirm they were ok. But, even as late as April 11, 2023, individual officers who responded to the Robinson-Tomlinson household say they were not made personally aware of the situation prior to being dispatched, resulting in what Plaintiffs claim are illegal searches and seizures.



**Disputed Facts**

The core disputed facts in this case are when each individual defendant became aware of the situation at the Robinson-Tomlinson household, and to what extent. Some of the defendants have testified the issue was discussed extensively during roll call at District One as early as August of 2022. But others claim that as late as April 11, 2023, they were not briefed on the situation and so were not aware. There is no expert testimony relevant to the claims.

**Legal Issues and Proposed Briefing**

Plaintiffs plan to move for summary judgment against the individual defendants involved in the 1 October 2022, 20 March 2023, 11 April 2023, 12 April 2023, and 17 April 2023 swatting incidents. Plaintiff will argue that, given the history of swatting and the admitted knowledge by some of the defendants, no reasonable officer could have believed they had probable cause to justify either a search of the Plaintiffs' home or a seizure of Plaintiffs' physical bodies for visual inspection. Finally, Plaintiffs will argue that the individual defendants not directly involved in the searches and seizures had a duty to intervene and stop those searches and seizures from occurring.

Plaintiffs plan to move for summary judgment against the City of Milwaukee on all claims. Plaintiffs will argue that the City was made aware of the situation at the Plaintiffs' home but failed to adopt any police, procedure, or plan to address the situation. In particular, Plaintiffs will point to the decision of the City to **not** initially flag the residence and the City's failure to disseminate any information on how to handle calls



for service at the residence to the rank-and-file officers, as deliberate policy decisions that were the moving force behind the constitutional violations.

Defendants will cross-move for summary judgment on all claims. Defendants will argue the searches and seizures were all justified by exigent circumstances or consent. Defendants will argue that even if the searches were not justified, the individual officers are protected by qualified immunity.

Defendants will argue that, since there were no constitutional violations here, there can be no *Monell* liability. And even if there was a constitutional violation, there was no policy or practice of the City that was the driving force of those violations.

The parties ask for leave to cross-move for summary judgment. But to avoid duplicative briefing the parties propose a joint briefing schedule where Plaintiffs file an initial motion and brief for summary judgment, Defendants file a response and cross-motion for summary judgment, Plaintiffs file a joint brief in response and reply, and finally Defendants conclude on a reply brief.

Dated: January 25, 2025

Strang Bradley, LLC

/s/ James Odell
James Odell
State Bar No. 1131587
John H. Bradley
State Bar No. 1053124
613 Williamson Street, Suite 204
Madison, WI 53703
John@StrangBradley.com
James@StrangBradley.com
*Attorneys for Plaintiffs*

Dated: January 25, 2025

EVAN C. GOYKE
City Attorney

/s/ William Hotchkiss
WILLIAM HOTCHKISS
Assistant City Attorney
State Bar No. 1112878
MARIA MESOLORAS
Assistant City Attorney
State Bar No. 1098921
*Attorneys for Defendants*

5