UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

N̶ɪᴋɪ Rᴏʙɪɴsᴏɴ ᴀɴᴅ
Pᴀᴛʀɪᴄᴋ Tᴏᴍʟɪɴsᴏɴ,

     *Plaintiffs,*

     *v.*

Cɪᴛʏ ᴏғ Mɪʟᴡᴀᴜᴋᴇᴇ, *et al.*,

     *Defendants.*

Case No. 2:24-cv-264

**JOINT MOTION TO RESTRICT ACCESS TO
CERTAIN DOCUMENTS TO CASE PARTICIPANTS**

The parties, by counsel, move the Court, pursuant to Civil L. R. 7 and General L. R. 79(d)(1), for an Order to restrict access to Exhibits A through Exhibit QQ to the parties' Joint Statement of Facts for Summary Judgment.

The basis for restricting access to these documents is similar to the basis of the parties Joint Motion for Stipulated Protective Order. ECF 40. The circumstances surrounding this case stem from a group of anonymous actors who harass and stalk the Plaintiffs, including calling in the false police reports that gave rise to the police interactions at the heart of this case.

During the pendency of this case, counsels are aware that this group has been monitoring the docket to search for additional information they can use to contact individuals involved in the case. The group has also used the docket to collect

information and generate fake social media profiles where they pose as individuals involved in the case.

Some of the documents exchanged in discovery contain personal information about the parties, including the personnel files of the Defendant officers. And some of the documents exchanged in discovery show the internal structure of the Milwaukee Police Department and how the department responds to swatting calls, which could be dangerous if obtained by someone who wants to swat someone in Milwaukee. The information could be used to more effectively swat Plaintiffs or other people in the City of Milwaukee.

The depositions contain personally identifying information as well as the detailed working of the Milwaukee Police Department, including how they responded to swatting attempts. The police reports and police videos contain personal information, show the Plaintiffs' home and contain information that could be used to further harass Plaintiffs.

Furthermore, the individuals who have harassed the Plaintiffs are following this case. Some of the individuals are presumably the people who have swatted them. The Court should not allow them to see the results of their swattings as it might encourage them do continue it or do it to other people.

WHEREFORE, for the foregoing reasons, the parties respectfully request that this Court grant their Motion to Restrict Certain Documents to Case participants.

Respectfully submitted,

Dated: 5 June 2025,

STRANG BRADLEY, LLC

                /s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
William E. Grau
  Wisconsin Bar No. 1117724
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com
James@StrangBradley.com

*Attorneys for Plaintiff*

 EVAN C. GOYKE
City Attorney

Dated: 5 June 2025,

              s/ *William Hotchkiss*
WILLIAM HOTCHKISS
Assistant City Attorney
State Bar No. 1112878

*Attorneys for Defendants*

    Counsel for the parties CERTIFY that we have in good faith conferred pursuant to General L. R. 79(d)(4), in an effort to limit the scope of the documents or materials filed under restricted access without court action.

    Counsel for the parties CERTIFY pursuant to Civil L. R. 7(a), that no supporting memorandum or other supporting papers are filed along with this motion.

3
Case 2:24-cv-00264-JPS   Filed 06/05/25   Page 3 of 3   Document 66