**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

NIKI ROBINSON and PATRICK TOMLINSON,

Plaintiffs,

v. Case No. 24-CV-00264

CITY OF MILWAUKEE, et al.,

Defendants.

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE BRIEF TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

NOW COME the Defendants, City of Milwaukee, Lyndon Evans, Joseph Scheuring, Christian Garrido, Bradley Orlando, Nicole Plevak, Lorenzo Hernandez, Dexter Lee, Andrew Dudley, Kelton McCowan, Matthew Helwer, Jason Warwick, Gregory Rupnik, Paul Terriquez, Kevin Becker, Devon Williams, Shawn Switzer, Fidah Mustafa, Nathaniel Petersen, Sean Carleton, and Patrick Tivnan, by and through their attorney, Evan C. Goyke, City Attorney, by William K. Hotchkiss, Assistant City Attorney, hereby provide this brief in support of their motion for summary judgment on all claims and response to Plaintiffs' motion for partial summary judgment.

## INTRODUCTION

Defendant officers encountered a unique situation at Plaintiffs' home. A situation without parallel in existing case law. These officers, even with information that the exact scenario of the emergency call or dispatch was likely false, could not simply turn a blind eye without conducting a limited investigation. In some cases, the "seizure" of the Plaintiffs was extremely limited in scope and reasonable. In others, although mistaken, the officers are shielded from liability by the

doctrine of qualified immunity. Because Plaintiffs have failed to show constitutional violations in some claims, and failed to establish the contours of the right at issue or show that Defendants violated clearly established rights in others, the Court should grant Defendants' motion for summary judgment and deny Plaintiffs' motion for partial summary judgment.

## ARGUMENT

### I. Qualified Immunity

Plaintiffs argue there does not need to be a case directly on point to show a constitutional right is clearly established. Effectively, Plaintiffs concede that there are no cases factually analogous or directly on point.

The Supreme Court has directed that lower courts must define the constitutional right at issue with particularity when assessing qualified immunity. *See, e.g. al-Kidd*, 563 U.S. at 742 ("We have repeatedly told courts … not to define clearly established law at a high level of generality"); *Mullenix*, 577 U.S. at 12 ("The dispositive question is whether the violative nature of *particular* conduct is clearly established." (internal quotation and citation omitted) (emphasis original)); *White v. Pauly*, 580 U.S. 73, 79 (2017) ("Today, it is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'"); *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) ("It is not enough that the rule [plaintiff seeks to apply] is suggested by then-existing precedent."); *Kisela v. Hughes*, 584 U.S. 100, (2018) ("Specificity is especially important in the Fourth Amendment context ….").

*Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021), asked whether the outcome was governed by the earlier case of *LaLonde v. City of Riverside*, 204 F.3d 947 (9th Cir. 2000). The Ninth Circuit had answered in the affirmative, reasoning both cases involved suspects lying face-down, not physically or verbally resisting, on whose back an officer knelt. *Rivas-Villegas*, 595

U.S. at 5. However, the Supreme Court disagreed finding *LaLonde* "materially distinguishable … and therefore insufficient to make clear to every reasonable officer that the force [the defendant] used here was excessive." *Id*. (citing *LaLonde*, 204 F.3d at 664 (Collins, J. dissenting), with approval). The Court then noted that *LaLonde* arose from a noise complaint, while *Rivas-Villegas* was a domestic disturbance. *Id*. at 7. Moreover, the suspect in *LaLonde* was unarmed but Cortesluna had a knife protruding from his pocket. *Id*. These material differences warranted reversal of the decision below denying qualified immunity. *Id*. at 7-8.

Plaintiffs state that this case "really comes down to probable cause" (ECF No. 72 at 5) and the "basic constitutional principles are beyond debate." (ECF No. 72 at 6). These assertions are in direct contradiction to qualified immunity standard outlined by the Supreme Court.

The factual distinctions between this case and cases cited by the Plaintiffs are evident. The cases cited by the Plaintiffs vary in factual scenarios including: an anonymous tip that there was underage drinking in the home. *Reardon v. Schossow*, 416 F. Supp. 3d 793 (E.D. Wis. 2019); a drug-sniffing dog on a homeowner's porch to investigate the contents of the home. *Florida v. Jardines* 569 U.S. 1 (2013); a call for a possibly suicidal girl. *Bruce v. Guernsey*, 777 F.3d 872 (7th Cir. 2015); deputy sheriffs confronting defendants at a hotel room to look for drugs. *United States v. Jerez*, 108 F.3d 684 (7th Cir. 1997); arresting a man on his front porch for gun possession. *United States v. Banks*, 60 F. 4th 386 (7th Cir. 2023); and an ongoing burglary at a frat house. *Reardon v. Wroan*, 811 F.2d 1025 (7th Cir. 1987).

Plaintiffs rely on *Richardson v. United States*, 208 F.3d 626 (7th Cir. 2000). While it is true that the court in *Richardson* found the facts there a very close case and declined to exclude the possibility of a case where it would be objectively unreasonable for a police officer to rely on

a 911 call because of additional information, the facts, circumstances, and holding in *Richardson* do not clearly establish the right at issue here.

Fundamentally, Plaintiffs' argument rests on the assumption that once officers knew or should have known that the contents of the 911 call were likely untrue, they should accept that as fact and move on. This ignores the possibility that the repeated swatting calls were designed to keep police away from the home to not respond to an actual emergency or that either Robinson or Tomlinson were the victims of a crime at the hands of the swatters themselves. See *Hanson v. Dane County*, 608 F.3d 335 (7th Cir. 2010). The officers here conducted reasonable and minimal investigations to verify that the call was not true and no one was committing a crime, in danger, or hurt.

## II. Count A

The seizure of Robinson was reasonable. Officers ordered Robinson out of the house and then spoke with her on the porch. No cases cited by Plaintiffs clearly establish that a warrant is required to seize someone by ordering them to answer the door or come out of their home. *Jerez* analyzed the seizure of the defendants in a motel room under the reasonable suspicion analysis. United States v. Jerez, 108 F.3d 684, 693 (7th Cir. 1997). As Plaintiffs have argued, they take no issue with the times that officers have approached the home, knocked, or left a card. As such, the issue with the seizure of Robinson is not with officers approaching the home to the front porch, but to ordering Robinson out of the home. This is a minimal intrusion, supported by reasonable suspicion, given the allegations in the call. Even if not supported by reasonable suspicion, officers could conduct a limited seizure to investigate the call.

Plaintiffs cite *United States v. Banks*, 60 F. 4th 386 (7th Cir. 2023) to support the notion that consent is required to enter the curtilage. *Banks* makes no mention of the implicit license to

approach a home. Further, *Banks* factually distinct in that it was for an arrest, rather than responding to a reported ongoing crime of violence. Lastly, to the extent that *Banks* was not decided until February 13, 2023, it would not have no impact on a qualified immunity analysis for Count A.

Plaintiffs also cite *Reardon v. Wroan*, 811 F.2d 1025 (7th Cir. 1987). While true, that the court in *Reardon* found that a jury could find that there was not probable cause in this situation, again this situation is factually distinct from the case at hand. The court in *Reardon* analyzed the probable cause analysis, stating that "probable cause is a function of information and exigency". *Id.* at 1028 (citing *BeVier v. Hucal*, 806 F.2d 123, 127 (7th Cir. 1986). The court in *Reardon* also emphasized that crimes in progress afford the police an extra degree of deference. *Id*. at 1029. Here, the Defendants, in each count, responded to a report far more serious and dangerous than a burglary in progress.

As such, ordering Robinson out of the house was lawful. Therefore, Robinson's consent to enter the home is valid. Plaintiffs argue that Hernandez should have told Defendant Dudley to walk back to the side of the house. Plaintiffs cite no support for a requirement that an officer should predict what another officer will do without warning. The failure to intervene claim against Defendant Hernandez should be dismissed. Because there was no underlying constitutional violation, Defendants McCowan and Tivnan should be dismissed. Lastly, as discussed above in the qualified immunity section, because of the unique factual circumstances combined with the minimally invasive actions of Defendant Dudley, Defendant Dudley's actions should be entitled to qualified immunity.

## III. Count B

Defendants did not submit disputed facts for Count B because Defendants understood that relying on disputed facts in a motion for summary judgment is ineffective. Instead, Defendants intend to rely on the record in arguing that Defendants in Count B are entitled to qualified immunity. Plaintiffs' supposition and minimal argument that the Court can now assume facts not previously stipulated to and grant summary judgment for Plaintiffs, without Plaintiffs filing a motion for summary judgment on this issue, should be dismissed as improperly argued.

Plaintiffs argue the contours of the right are sufficiently clear, citing cases from Defendants' brief/response brief (ECF No. 71). However, these cases are factually distinct from the situation before the court. Plaintiffs characterize *Hanson v. Dane County*, 608 F.3d 335 (7th Cir. 2010) as a medical emergency case. But that was just one possibility the court considered when there was no information or no answer back. *Id.* at 337. The Defendant officers here, could reasonably rely on *Hanson* to show that even one person requesting that the police leave was not sufficient to negate the concern from the call.

## IV. Count C

Plaintiffs argue that the conduct by Defendant Sgt. Evans was outrageous and obviously unconstitutional. Again, given the unique factual circumstances, and relying on *Hanson*, *Sutterfield v. City of Milwaukee,* 751 F.3d 542 (7th Cir. 2014), and *Fitzgerald v. Santoro*, 707 F.3d 725 (7th Cir. 2013), Defendant Sgt. Evans did not violate clearly established law by not relying on the statements from the Plaintiffs that everything was okay. Defendant Sgt. Evans conducted a limited inquiry to verify that the call was not true and no one inside the house was injured. Even with the prior knowledge of false calls, the officers did not violate clearly established law. As such, Defendants should be granted qualified immunity.

## V. Count D

Defendants did not submit disputed facts for Count D because Defendants understood that relying on disputed facts in a motion for summary judgment is ineffective. Instead, Defendants intend to rely on the record in arguing that Defendants in Count D are entitled to qualified immunity. Plaintiffs' supposition and minimal argument that the Court can now assume facts not previously stipulated to and grant summary judgment for Plaintiffs, without Plaintiffs filing a motion for summary judgment on this issue, should be dismissed as improperly argued.

Counsel for Defendants did mistakenly attribute the berating language to Plaintiff Robinson, rather than Plaintiff Tomlinson, and apologizes to the Plaintiffs and the Court for the error.

Here, Defendant officers conducted an extremely limited seizure of Plaintiff Robinson by ordering her out of the home. Because Defendant officers here did not place Plaintiff Robinson in handcuffs, move her to a different location, or enter Plaintiffs' home, Plaintiffs' comparison to officer Guernsey in *Bruce* and the officers in *Reardon* is inapplicable. Defendant officers ordered Plaintiff out of the home pursuant to an interest in Defendant officer's safety.

Since the limited seizure of Plaintiff Robinson by Defendant Carleton was reasonable and constitutional, the failure to intervene claim against Defendant officers Lee, Garrido, Williams and Scheuring should be dismissed. In the alternative, the Defendant officers are shielded by qualified immunity.

## VI. Count E

Plaintiffs rely on *Jardines*. Yet, there are key factual differences between *Jardines* and the situation before this court. *Jardines* involved the police department receiving a tip that marijuana was grown in the home of *Jardines*. *Id*. at 4. The police department then sent a

surveillance team with a drug dog for the specific purpose of sniffing at the front door. *Id.* "*Jardines* was more nuanced: it forbade entering the curtilage *for the purpose* of doing a dog sniff, but it did not forbid entering the curtilage for the purpose of knocking on the door. *United States v. Gutierrez,* 760 F.3d 750 (7th Cir. 2014) (analyzing a case that occurred before the Supreme Court decision in *Jardines).* The Seventh Circuit has recognized the unique factual circumstances that are not sufficiently applicable to the situation before the court. As such, the court should find that Defendant officers did not violate clearly established law and are entitled to qualified immunity.

## VII. Count F

A person is seized only when, by means of physical force or a show of authority, his freedom of movement is restrained. *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). "In other words, there are two kinds of seizures: those effected through physical force and those effected through a show of authority *and* "submission to the assertion of authority." *United States v. Griffin,* 652 F.3d 793, 798 (7th Cir. 2011) (citing *California v. Hodari D*, 599 U.S. 621, 626 (1991). Plaintiffs' assertion that Plaintiff Robinson's inference and speculation that her husband was arguing with a police officer is insufficient to show a submission to the assertion of authority for purposes of a seizure. As noted earlier, *Jardines* is limited in scope and does not establish that, when responding to a dispatched report of a violent crime, even with information that dispatch may be false, an officer is required to leave the porch as soon as the occupant of the home requests. Since no seizure of Plaintiff Robinson or Plaintiff Tomlinson occurred, and there was no clearly established case law requiring Sgt. Evans to leave the porch upon Plaintiff Tomlinson's request, Plaintiffs' motion should be denied and Defendants' motion should be granted.

## VIII. *Monell*

Defendants agree that a granting of qualified immunity and dismissal of officers does not automatically warrant a dismissal of the *Monell* claim for that underlying incident. As such, Defendants clarify that the request to dismiss *Monell* claim is limited to any decision the court may make that a specific count is dismissed because no constitutional violation occurred.

## CONCLUSION

In light of the foregoing, Defendants request that the Court deny Plaintiffs' Motion for Partial Summary Judgment, grant Defendants' Motion for Summary Judgment on all claims and that the Court dismiss this action in its entirety.

Dated and signed at Milwaukee, Wisconsin this 20th day of August, 2025.

EVAN C. GOYKE
City Attorney

s/*William K. Hotchkiss*
WILLIAM K. HOTCHKISS
Assistant City Attorney
State Bar No. 1112878
*Attorneys for Defendants*

**P.O. ADDRESS**:
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
414-286-2601 – Telephone
414-286-8550 – Facsimile
Email: whotch@milwaukee.gov

1032-2024-394:00000000000160