NIKI ROBINSON AND
PATRICK TOMLINSON,

          Plaintiffs,

vs.                              Case No. 2:24-cv-264

CITY OF MILWAUKEE, *et al.*,

          Defendants.

## CITY OF MILWAUKEE'S BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

The City of Milwaukee, through its attorney, Evan Goyke, City Attorney, by William Hotchkiss, Joshua Cronin and Matteo Reginato, Assistant City Attorneys, respectfully submits this Brief in Support of its Motion for Reconsideration, respectfully asking the Court to reconsider the portion of its March 26, 2026 Summary Judgment Decision (Dkt. 74) denying dismissal of the *Monell* claim.

## LEGAL STANDARD

Under Rule 54 of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revisited at any time before the entry of judgment." Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal quotation marks and citation omitted). "A 'manifest error' is not demonstrated by

1

the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Here, this Court's recent Summary Judgment Decision established new law.  This new law must be applied to the *Monell* claim, and once it is applied to the *Monell* claim, any decision other than a dismissal of the *Monell* claim is a manifest error of law.

## ARGUMENT

I. **The *Monell* Claim Should Be Dismissed in Light of the Court's Recent Legal Determination that the Constitutional Standards Governing Law Enforcement's Response to "Swatting" Calls Were Not Clearly Established or Defined During the Relevant Period.**

The Fourth Amendment claims alleged against the MPD officers in this case were recently dismissed on summary judgment upon a finding of qualified immunity.  Specifically, in its recent Summary Judgment Decision, the Court ruled that the MPD officers who responded to the swatting calls between August 2022 and April 2023 cannot be held constitutionally liable for any searches or seizures conducted during those responses because "there is a real dearth of cases addressing how officers are meant to handle repeated swatting instances to avoid affronts to Fourth Amendment rights."  Dkt. 74, p. 26.  And, "because there is no beyond-debate answer to whether probable cause or exigent circumstances can be found in repeated swatting cases."  Dkt. 74, p. 26.

Indeed, the Court emphasized the following in its Decision:

- "[T]he cases provide a somewhat confusing morass of contradictory statements about whether and to what extent 911 calls can be relied upon to generate probable cause, reasonable suspicion, or exigent circumstances, and how doubt-inducing information should be weighed against the presence of a 911 call."  *Id.*, p. 27.

- "[T]he Court cannot conclude that the law to this effect was clearly established at the time of the violation."  *Id.*, p. 35.

- "[I]f officers would not have been on notice about the illegality of the initial search … and consent for the subsequent search is bound up with the legality of the initial seizure … the Court would not expect them to know

2

or even have reason to know that the ensuing search was illegal." *Id.*, pp. 38-39.

- "Logically, since there was no 'reasonable notice' that a seizure of this sort was illegal, officers could not have known that the search indicant to it was illegal." *Id.*, p. 39.

- "[T]he Court cannot say it was clearly established that Evans' conduct was a constitutional violation." *Id.*, p. 42.

- "And insofar as the Court just found that Evans' constitutional violation was not clearly established, Garrido and Orlando cannot be held to account for not knowing a constitutional violation was occurring." *Id.*, p. 43.

- "Insofar as the officers could not have been expected to know that they lacked probable cause, exigent circumstances, or even reasonable suspicion, they cannot be expected to know that they should have left the curtilage when consent was revoked, nor can they be expected to know that their brief seizure was unlawful." *Id.*, p. 45.

- "Given the confusing morass of law regarding the capacity of 911 calls to generate probable cause, exigent circumstances, or reasonable suspicion on their own, it simply was not clear that a 911 call could not be enough." *Id.*, p. 49.

Although the Fourth Amendment claims against the MPD officers were dismissed on qualified immunity grounds, the *Monell* claim—which is based on the City's purported failure to sufficiently train and/or implement a policy regarding how officers should respond to swatting calls—was allowed to proceed to trial. Notably, the *Monell* claim is governed by the deliberate indifference standard which requires Plaintiffs in this case to establish the following elements at trial: (1) that MPD policymakers had actual or constructive notice that a defect in training, or that a gap in policies, existed and caused the Fourth Amendment violations; and (2) that MPD policymakers acted with deliberate indifference by disregarding such notice and by retaining the defective training or gap in policy. *Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997).

Plaintiffs' *Monell* claim now fails as a matter of law in light of the Court's recent summary judgment determination that MPD officers could not have been expected to know they lacked probable cause, exigent circumstances, or reasonable suspicion to conduct a search or seizure when

3

they responded to the swatting calls between August 2022 and April 2023. And, that no officer had notice that such conduct was unconstitutional. Absent such notice, Plaintiffs cannot prove deliberate indifference.

Indeed, courts have held that "the absence of a clearly established constitutional right—what Justice O'Connor called 'clear constitutional guideposts…'—undermines the assertion that a municipality *deliberately* ignored an *obvious* need for additional safeguards…." *Szabla v. City of Brooklyn Park, MN.*, 486 F.3d 385, 393 (8th Cir. 2007) (emphasis in original). In *Szabla*, the court explained that requiring a constitutional right to be clearly established to prove a *Monell* claim of deliberate indifference "is not an application of qualified immunity for liability flowing from an unconstitutional policy. Rather, the lack of clarity in the law precludes a finding that the municipality had an unconstitutional policy at all, because its policymakers cannot properly be said to have exhibited a policy of deliberate indifference to constitutional rights that were not clearly established." *Id.* at 394

Other courts have applied the reasoning in *Szabla* to dismiss similar *Monell* claims. *See, e.g., Tuchez v. City of Sioux Falls*, 2012 WL 2524979, at *10 (D.S.D. June 29, 2012) ("At the time of this incident, the Eighth Circuit had not found a constitutional violation when officers deployed flashbangs without first surveying the area to ensure that the device was not deployed near a person. Thus, it was not clearly established that a city had to have a policy telling officers when to abandon a plan to deploy a flashbang when a risk to the officers' safety existed, as it did here. As a result, to the extent that Tuchez asserts a § 1983 claim against Sioux Falls for utilizing an unconstitutional policy, defendants' motion for summary judgment as to Sioux Falls's liability is granted."); *Dundon v. Kirchmeier*, 85 F.4th 1250, 1258 (8th Cir. 2023) ("It was not clearly established in November 2016 that the officers' use of force to disperse protestors violated a

4

constitutional right under the Fourth Amendment.  Thus, the need for training and supervision on dispersal of protestors was not so obvious that it can be characterized as deliberate indifference to the protestors' rights to be free from unreasonable seizures."); *Lombardo v. City of St. Louis*, 38 F.4th 684, 692 (8th Cir. 2022) (Applying similar reasoning for dismissing *Monell* claim regarding City's policy for restraining detainees in holding cells); *Clark v. City of St. Louis*, 2026 WL 412282, at *16 (E.D. Mo. Feb. 13, 2026) ("This requirement is fatal to Clark's family's claims because a municipality cannot be 'deliberately indifferent' to the violation of a right if the right is not clearly established…. Clark's family attempts to distinguish between deliberate indifference to a constitutional right and deliberate indifference to unconstitutional misconduct. But deliberate indifference is part of the 'rigorous standards of culpability and causation' that 'must be applied' when a municipality has not directly caused an injury; otherwise, a plaintiff would be able to skirt the prohibition on holding a municipality liable on a *respondeat* superior theory.").[1]

Because this Court has now ruled that police officers "would not have been on notice about the illegality" of their searches or seizures in response to the swatting calls given "the confusing

---

[1] *See also, Tlapanco v. Elges*, 969 F.3d 638, 657 (6th Cir. 2020) ("'[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.' *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). This court has consistently held that a municipality cannot be held liable on a failure to train theory where a right was not clearly established.'"); *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 511 (6th Cir. 2012) ("Because Ratcliff did not violate a clearly established right, it follows that his employer, the Franklin County Sheriff's Office, is also entitled to summary judgment.  To hold the Sheriff's Office liable, Hagans must show that its 'failure to train' officers on the proper use of tasers 'amounts to deliberate indifference.'  But 'a municipal policymaker cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established.'"); *Joyce v. Town of Tewksbury, Mass.*, 112 F.3d 19, 23 (1st Cir. 1997) ("[O]ur rationale here for granting qualified immunity to the officers—that the unsettled state of the law made it reasonable to believe the conduct in this case constitutional—also precludes municipal liability."); *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018) ("Because [the plaintiff] did not demonstrate a clearly established right, it follows that her claims for deliberate indifference against the [municipal defendant] also fail."); *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 995 (6th Cir. 2017) (holding that for a "failure to train" claim to prevail "it must be obvious (i.e., clearly established) that the conduct will violate constitutional rights").

morass of law regarding the capacity of 911 calls to generate probable cause, exigent circumstances, or reasonable suspicion on their own," it cannot be said—let alone established at trial—that MPD policymakers had actual or constructive notice of any such unconstitutional conduct, or that they were deliberately indifferent to any such knowledge. The Court should therefore dismiss the *Monell* claim as a matter of law.

## CONCLUSION

For these reasons, the City of Milwaukee respectfully asks the Court to grant this Motion for Reconsideration and dismiss that *Monell* claim as a matter of law.

Dated at Milwaukee, Wisconsin this 14th day of April, 2026.

**EVAN C. GOYKE**
City Attorney, City of Milwaukee
Attorneys for Defendants

*/s/ Matteo Reginato*
WILLIAM HOTCHKISS
Assistant City Attorney
State Bar No. 1112878
MATTEO REGINATO
Assistant City Attorney
State Bar No. 1089724
JOSHUA B. CRONIN
Assistant City Attorney
State Bar No. 1064324
800 City Hall
200 E. Wells St.
Milwaukee, WI 53202
Phone: (414) 286-2601
Fax: (414) 286-8014
whotch@milwaukee.gov
mreginato@milwaukee.gov
jbcronin@milwaukee.gov

6