---

NIKI ROBINSON, ET AL.
    *Plaintiffs,*

    *v.*                             Case No: 2:24-cv-264

CITY OF MILWAUKEE,
    *Defendant.*

---

## DECLARATION OF R. RICK RESCH

---

I, R. Rick Resch, declare and state that:

1.      I am an attorney with Strang Bradley, LLC, and one of the attorneys of record representing the Plaintiffs in the above-captioned case, and I make this declaration based on personal knowledge.

2.      The Court issued its summary judgment decision on March 23, 2026.

3.      On a March 30, 2026, call to discuss trial planning, Milwaukee Assistant City Attorney William Hotchkiss suggested he would be willing to stipulate to the admissibility of body-worn camera videos, so that neither party would have to call a witness solely to admit the video footage.

4.      During a Zoom meeting on April 1, 2026, ACAs Hotchkiss, Reginato, and Cronin said they would be willing to stipulate to the authenticity of body-worn camera footage, computer-aided dispatch (CAD) logs, and police reports, such that a party wouldn't need to call a witness solely to admit a record that the City of Milwaukee provided to Plaintiffs in discovery.

5.      ACA Hotchkiss further explained that just because they were agreeing to the foundation, they did not agree that all the footage, CAD logs, and reports would necessarily be admissible at trial.

6. During a Zoom meeting on April 14, 2026, ACA Cronin proposed that the parties submit a stipulation to the Court, saying what facts the parties agreed to without having to call a witness, which pieces of evidence were stipulated to, and how the evidence could be used.

7. ACA Hotchkiss agreed to begin drafting the stipulation. He said he would then send it to us, so we could confer and submit an agreement to the Court. As of today, April 22, 2026, we have not received the draft stipulation from ACA Hotchkiss.

8. During an April 21, 2026, Zoom meeting, ACA Cronin said, consistent with a proposed motion in limine the City of Milwaukee had drafted, that the City was taking the position that the videos that were not part of an incident in which Plaintiffs are alleging a constitutional violation occurred are not relevant, were substantially prejudicial, or were propensity evidence and therefore are inadmissible.

9. Plaintiff's counsel John Bradley sought clarification, asking ACA Cronin whether they disputed the authenticity of the videos. Attorney Bradley suggested they could agree to the foundation and admissibility of the videos, subject to the Court's eventual determination on relevance and admissibility.

10. ACA Cronin responded that they would not stipulate to the authenticity of the videos, and that even if the Court determined that the videos were relevant and admissible, he would not agree to any stipulation to allow the videos to be used at trial without foundational testimony because "I don't have to."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 22 April 2026,

    /s/ R. Rick Resch
    R. Rick Resch