NIKI ROBINSON AND
PATRICK TOMLINSON,

                Plaintiffs,

vs.                                        Case No. 2:24-cv-264

CITY OF MILWAUKEE, *et al.*,

                Defendants.

## CITY'S BRIEF IN OPPOSITION TO CIVIL L. R. 7(h) EXPEDITED MOTION

    <u>City's Response to 13 Depositions</u>:  Insofar as these depositions are being requested because the Plaintiffs believe the Trial Scheduling Order prohibits them from calling these witnesses (or using exhibits they authenticate) at trial without having deposed them, the City has no objection to the Plaintiffs being given relief from said order.  However, the City is expressly preserving its position that these witnesses (and the corresponding exhibits that the Plaintiffs intend to authenticate through them), are inadmissible at trial.  So long as the City is given a pre-trial ruling on these issues at a later point in time, the City is not objecting to the relief being requested.

    By way of background, these 13 depositions were requested because the Plaintiffs intend to use body camera footage from these 13 officers, and all of this body camera footage pertains to the 20 swatting incidents that this Court did **not** find to be unconstitutional.  The City has already provided the Plaintiffs with a draft Motion in Limine seeking to exclude this evidence because the City generally believes that evidence related to these 20 other incidents is inadmissible for any purpose other than to give the jury a background on the volume, frequency, and general nature of these incidents.  In furtherance of its approach, the City has proposed that, with respect to these 20 incidents, the parties stipulate to the dates, times, and nature of these incidents.  The Plaintiffs have

1

not agreed to this approach because the Plaintiffs, with respect to these other 20 incidents, seek to admit body camera footage, which will require the parties to get into the details of these other 20 incidents. Because the parties plan to address these issues with the Court via other motions, and due to the applicable 3-page limit, only a brief summary of the City's position is provided herein.

This Court's Summary Judgment Decision narrowed the issues. What occurred in those other 20 incidents has no tendency to establish whether the Milwaukee Police Department's policies or training were adequate. Instead, evidence of these other 20 incidents confuses the issues for trial and invites the jury to find liability against the City for incidents that this Court did **not** find to be unconstitutional. As to damages, evidence related to these other 20 incidents would only invite the jury to impermissibly award damages for incidents that were **not** unconstitutional.

Further, if the Plaintiffs want to admit video of the other 20 incidents, the Plaintiff and the City will need to have the officers involved in those incidents explain the video and how the video reflects their adherence to MPD procedures and training. The Plaintiffs cannot simply play video at trial without the officers being provided with an opportunity to explain their actions. The video will need to be chaperoned into evidence by a witness, and both parties will elicit testimony. In short, these 20 incidents will become a time-wasting distraction from the actual issues.

City's Response to Chief Norman & Ms. Hough Depositions: The Plaintiffs seek permission to depose Chief Norman and his Chief of Staff, Ms. Hough, and the Plaintiffs want to conduct these depositions irrespective of whether the Trial Scheduling Order requires them or not. The City opposes the request for these depositions, which seem aimed at harassment, not substance. Specifically, the Plaintiffs' Motion does not identify the "email exchange," which is attached hereto as Exhibit A. The City's objection is twofold: (1) Chief Norman is not even included on the email exchange, *see* Ex. A, and his office's response to the Alderperson is self-

evident in the email exchange, (2) the law does not permit a deposition of a high-ranking official such as a police chief in circumstances such as those present here.

Exhibit A shows that Chief Norman was not even included in the email string. Additionally, it demonstrates that an Alderperson forwarded a copy of a complaint made by Plaintiffs (to the Alderperson) to the Chief's office (but not the Chief himself); that the Chief's staff (but not the Chief himself) responded; and that the response was to connect the Alderperson with those members of the MPD who were working on the Plaintiffs' swatting calls.

Wisconsin courts and others deny the deposition of high-ranking officials, including police chiefs (1) where he/she has no personal knowledge of the events at issue, (2) where the information sought is available through other sources, and (3) where the police chief's testimony is not essential to the plaintiff's case.[1] Here, the Plaintiffs do not contend that Chief Norman was involved in any of the six unconstitutional incidents, or the related training and procedures. Rather, they seek to depose Chief Norman and his Chief of Staff to determine what response, if any, his office had to a complaint made to an Alderperson. This is not an essential part of the Plaintiffs' case.

If the Plaintiffs simply want to know how Chief Norman's office responded to the Alderperson's email forwarding the complaint, that much is evident from the email itself. *See* Exhibit A. Specifically, his office put the Alderperson in touch with the officers who had knowledge of the situation and who were implementing procedures to address the same. Chief Norman and Chief of Staff Hough are not the only individuals who can provide this straightforward explanation. These depositions seem to have been requested only to harass.

---

[1] *Warzon v. Drew*, 155 F.R.D. 183, 185–86 (E.D. Wis. 1994) (requiring that the official's testimony be "essential" and that it not be available through an "alternative source or less burdensome means"); *Sargent v. City of Seattle*, 2013 WL 1898213 (W.D. Wash. 2013) (disallowing a deposition of the police chief because he was not personally involved and because the information sought was available through other sources); *Jarbo v. Orange Cnty.*, 2010 WL 3584440, at *2 (C.D. Cal. 2010) (concluding that the sheriff was high-ranking official not subject to deposition absent extraordinary circumstances).

3

Dated at Milwaukee, Wisconsin this 27th day of April, 2026.

**EVAN C. GOYKE**
City Attorney, City of Milwaukee
Attorneys for Defendants

*/s/ William Hotchkiss*
WILLIAM HOTCHKISS
Assistant City Attorney
State Bar No. 1112878
MATTEO REGINATO
Assistant City Attorney
State Bar No. 1089724
JOSHUA B. CRONIN
Assistant City Attorney
State Bar No. 1064324
800 City Hall
200 E. Wells St.
Milwaukee, WI 53202
Phone: (414) 286-2601
Fax: (414) 286-8014
whotch@milwaukee.gov
mreginato@milwaukee.gov
jbcronin@milwaukee.gov

4