NIKI ROBINSON, ET AL.,

        *Plaintiffs,*

        *v.*

CITY OF MILWAUKEE,

        *Defendant.*

Case No. 2:24-cv-264

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## CITY OF MILWAUKEE'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

Plaintiffs Niki Robinson and Patrick Tomlinson oppose Defendant City of Milwaukee's motion to reconsider. ECF 80, 81. The Court should deny the City's motion for four reasons.

First, the City's arguments are waived. The City agreed, in its summary judgment briefing, that a finding of qualified immunity on behalf of an individual officer "does not automatically warrant a dismissal of the *Monell* claim for that underlying incident." ECF 73 at 9. Instead, the City argued *only* that the Court should dismiss a *Monell* claim if the Court found that Plaintiffs' underlying constitutional rights weren't violated, irrespective of whether those rights were clearly established. *Id.* That's the analysis the Court applied. ECF 74 at 62–65.

Now, however, the City makes the opposite argument. It argues that the Court should dismiss Plaintiffs' *Monell* claims because the Court found that Plaintiffs' rights were not clearly established. ECF 81 at 5–6.

Second, the City has not met the standard for a motion to reconsider. The City's arguments rely on out-of-circuit cases, stemming from an Eighth Circuit doctrine. ECF 81 at 4–5; *see Szabla v. City of Brooklyn Park, MN.*, 486 F.3d 385 (8th Cir. 2007). But a motion to reconsider is appropriate only where the Court disregards, misapplies, or ignores "controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The City cites no controlling precedent.

Third, the City's approach attempts an impermissible backdoor to qualified immunity for municipalities, in contravention of Supreme Court precedent. The Eighth Circuit doctrine on which the City relies is wrong and inconsistent with Seventh Circuit case law. The Eighth Circuit requires clearly established rights before a finding of a failure-to-train *Monell* claim. *Szabla*, 486 F.3d 385 at 393. That requirement is contrary to Supreme Court case law, which does not apply qualified immunity to municipalities. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 650 (1980). And the Seventh Circuit, as the Court noted in its summary judgment order, has considered *Monell* claims even where qualified immunity applied to individual government officers. ECF 74 at 62–63 n. 13, discussing *Glisson v. Indiana Department of Corrections*, 849 F.3d 372 (7th Cir. 2017) (en banc), *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2010), and *Calderone v. City of Chicago*, 979 F.3d 1156 (7th Cir. 2020).

2

Finally, even if the Court were to follow the Eighth Circuit instead of the Seventh Circuit, the result would be the same. The City has not carried its burden to show that it's entitled to summary judgment. And its arguments apply only to failure-to-train claims, not the other municipal liability theories Plaintiffs have alleged. The City has failed to address those other theories, namely the City's lack of a policy and the City's customs.

## II. RESPONSE

The Court should deny the City's motion for reconsideration. The City's arguments are waived and incorrect.

### A. The City's argument is waived.

The City's motion is not a motion to reconsider. It's a motion to consider. A motion to reconsider is "not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Bling v. Matrix Packaging Mach. LLC*, No. 21-CV-1399-JPS, 2022 WL 17251983, at *2 (E.D. Wis. Nov. 28, 2022), quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The City argues now for the first time that *Monell* claims require a qualified-immunity-like finding of clearly established law. ECF 81 at 4. The City's opening *Monell* argument was two sentences:

> To succeed on a *Monell* claim, Plaintiffs must prove a constitutional violation and prove the constitutional violation was caused by the City's policy or custom. *See Matthews v. City of E. St. St. Louis*, 675 F.3d 703, 708-709 (7th Cir. 2012). If the court finds that no constitutional violation occurred, then the Plaintiffs' *Monell* claim for that count must be dismissed.

ECF 71 at 16.

Plaintiffs responded with three arguments. First, they observed that municipalities are not entitled to qualified immunity. ECF 72 at 24. Second, they argued that policy

makers at the City knew more than individual officers who responded to swatting calls at Plaintiffs' home, so a City policy (or lack thereof) could cause a Fourth Amendment violation where no individual officer was himself liable. *Id.* at 24–25. And third, Plaintiffs argued that the Defendants' argument was underdeveloped and therefore waived. *Id.* at 25.

> The City replied again with only two sentences:

> Defendants agree that a granting of qualified immunity and dismissal of officers does not automatically warrant a dismissal of the *Monell* claim for that underlying incident. As such, Defendants clarify that the request to dismiss *Monell* claim is limited to any decision the court may make that a specific count is dismissed because no constitutional violation occurred.

ECF 73 at 9.

The City is thus not only making an argument it never made, but it's also making the opposite argument it made at summary judgment.

First, the City expressly "request[ed]" dismissal only where the Court found "no constitutional violation occurred." *Id.* The Court accepted the City's entreaty, observing that its "only task for summary judgment purposes is to determine whether constitutional violations have occurred or if there is a genuine dispute of material fact as to whether constitutional violations have occurred, as Defendants do not move for summary judgment with respect to Plaintiffs' *Monell* claims on any ground other than that.[]" ECF 74 at 62 (note omitted).

This is waiver. The City agreed with Plaintiffs' argument. Specifically, it "*agree[d] that a granting of qualified immunity and dismissal of officers does not automatically warrant a dismissal of the Monell claim for that underlying incident.*" ECF 73 at 9 (emphasis added). It could have argued against them. It chose not to. Instead, the City

made "a knowing and intentional decision to forego that argument." *United States v. Zuniga-Galeana*, 799 F.3d 801, 803 (7th Cir. 2015). It thus waived any response.

Second, the City is now making the *opposite* argument. At summary judgment, it argued that a finding of qualified immunity "does not automatically warrant a dismissal of the *Monell* claim for that underlying incident." ECF 73 at 9. Now, it's arguing that the Court should dismiss Plaintiffs' *Monell* claims *because* the Court found the officers were entitled to qualified immunity. ECF 81 at 4–5 ("Because this Court has now ruled that police officers would not have been on notice about the illegality . . . it cannot be said . . . that MPD policymakers had actual or constructive notice of any such unconstitutional conduct, or that they were deliberately indifferent to any such knowledge." (internal marks omitted)). The City thus fails to meet the motion to reconsider standard because it is raising arguments it waived at summary judgment.

## B. The Court did not manifestly err.

Even if the City hadn't waived its argument, it still couldn't pass the motion to reconsider standard because the Court did not fail to apply *controlling precedent*. A motion to reconsider is appropriate only where a court has "patently misunderstood a party," decided an unbriefed issue, controlling law has since changed, the facts have since changed, or where a court made "manifest errors of law or fact." *Bling*, 2022 WL 17251983, at *2, quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) and *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "A 'manifest error' . . . is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606 (internal marks and source omitted).

The City's motion to reconsider relies on out-of-circuit case law. ECF 81 at 4–5, citing cases from the Eighth Circuit, the Southern District of South Dakota, the Eastern District of Missouri, the Sixth Circuit, the First Circuit, and the Fifth Circuit.

Non-precedential cases cannot create a manifest error. Thus the City cannot meet the standard for a motion to reconsider. Perhaps recognizing this problem, the City argues that the Court's qualified immunity decision "established new law," and therefore "[t]his new law must be applied to the *Monell* claim,[1] and once it is applied to the *Monell* claim, any decision other than a dismissal of the *Monell* claim is a manifest error of law." ECF 81 at 2.

The sleight of hand fails. First, although the Court's summary judgment decision is law in some sense, it is not controlling precedent. *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987). And second, the issue is not whether the law here is clearly established. The issue is whether *that matters*. The City has not cited any *binding* case holding that clearly established law is a prerequisite to a *Monell* claim. ECF 81 at 4–6. That this Court (correctly) did not follow an Eighth Circuit doctrine (that no one asked it to follow) is not manifest error.

The City's motion fails because the Court did not manifestly err. The Court can stop here and deny the City's motion.

---

[1] There is not one *Monell* claim in this case. There are many. Plaintiffs alleged that the City violated their Fourth Amendment rights numerous times in multiple ways across six different days. ECF 42, ¶¶239–241, 251–253, 263–265, 276–278, 288–290, 299–301.

**C. There is no clearly established law requirement for *Monell* claims.**

The Court did not fail to follow controlling precedent. Quite the opposite. The Court followed binding Seventh Circuit case law. ECF 74 at 62 n.13. As the Court observed, "there is case law generally indicating that the Seventh Circuit does not require that a right be 'clearly established' before a municipality may be held liable for a violation of it . . ." *Id.*

The Seventh Circuit has held that a municipality can be liable for violating a constitutional right even when its employees are not, without analyzing whether a right was clearly established. *Glisson*, 849 F.3d at 378–82; *Calderone*, 979 F.3d at 1163-65. Indeed, in *Thomas*, the Seventh Circuit observed that a municipality could be liable even where the official who violated the Constitution is not liable under a good-faith defense. *Thomas*, 604 F.3d at 304; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (qualified immunity is also called good faith immunity). The City does not cite, discuss, or distinguish *Glisson*, *Calderone*, or *Thomas*. *See* ECF 81.

And the Seventh Circuit is correct. *Monell* claims do not require a finding of clearly established law. Clearly established law is an element of qualified immunity. *Reed v. Palmer*, 906 F.3d 540, 546–47 (7th Cir. 2018). It is an extension of the common-law good-faith defense. *Baxter v. Bracey*, 590 U.S. 1011, 1013 (2020) (Thomas, J., dissenting from the denial of certiorari) ("There likely is no [common law] basis for the objective inquiry into clearly established law that our modern cases prescribe.").

And the Supreme Court has held that municipalities are not entitled to qualified immunity:

> In sum, we can discern no 'tradition so well grounded in history and reason' that would warrant the conclusion that in enacting § 1 of the Civil Rights Act, the 42d Congress *sub silentio* extended to municipalities a qualified immunity based on the good faith of their officers.

*Owen v. City of Indep., Mo.*, 445 U.S. 622, 650 (1980).

The Eighth Circuit is wrong to apply a clearly established law requirement to *Monell* failure-to-train claims. *Monell* claims have heightened requirements so that municipalities are not responsible for their employees' conduct under respondeat superior: "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997). That requires some needle threading, to be sure. But it makes no sense to thread the needle with a standard the Supreme Court directly said courts shouldn't apply: qualified immunity. *Owen*, 445 U.S. at 650.

The Eighth Circuit grounds its clearly established law requirement in the deliberate indifference element of failure-to-train claims.[2] *Szabla*, 486 F.3d at 393–94. It is not clear why deliberate indifference should include an objective clearly established law

---

[2] The Eighth Circuit said it was following the Second Circuit when it added the clearly established law requirement. *Szabla*, 486 F.3d at 393, citing *Townes v. City of New York*, 176 F.3d 138, 143–44 (2d Cir.1999) and *Young v. County of Fulton*, 160 F.3d 899, 904 (2d Cir.1998).

But the Second Circuit has since held that "the entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is also *irrelevant* to the liability of the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013) (emphasis added).

element. In other areas of constitutional torts, the deliberate indifference standard is akin to the subjective recklessness *mens rea* from criminal law cases. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

Indeed, the Supreme Court's subsequent case law shows that *notice* of an official's conduct is what matters in failure-to-train claims. *Szabla* was decided in 2007. In 2011, the Supreme Court in *Connick* concluded that "when city policymakers are on *actual or constructive notice* that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (emphasis added). Thus, failure-to-train claims are proved by "a pattern of similar" conduct or an "obvious need" for specific training. *Id.* at 63–64. The Court made no mention of any clearly established law requirement or of qualified immunity. *See id.*

The Seventh Circuit's cases are perfectly in line with the Supreme Court. "In some circumstances, a municipality's failure 'to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983.'" *Milbeck v. George*, 171 F.4th 930, 938 (7th Cir. 2026), quoting *Connick*, 563 U.S. at 61. To establish a failure-to-train claim, a plaintiff must show that "the municipality was deliberately indifferent to his constitutional rights." *Id.* And a plaintiff can prove deliberate indifference by showing a pattern or obviousness:

> Establishing deliberate indifference ordinarily requires the municipality to be on notice of constitutional violations, but the Supreme Court has explained that the consequences of failing to train employees "could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations."

9

*Id.*, quoting *Connick*, 563 U.S. at 64 and citing *J.K.J v. Polk County*, 960 F.3d 367, 380–85 (7th Cir. 2020 (en banc). The Seventh Circuit concluded that a municipality could be held liable for warrantless home entries if "it would have been obvious that it could lead to violations of constitutional rights (namely unlawful entries into suspects' homes)." *Id.* It made no mention of clearly established rights, and its *Monell* analysis followed its decision not to address the individual officers' qualified immunity arguments (due to waiver). *Id.* at 937–39.

The City's motion should be denied because *Monell* claims do not require clearly established law. Moreover, here, the City and its policymakers had notice of a pattern of unreasonable seizures and searches of the Plaintiffs and their home. ECF 65 (Parties' Joint Statement of Facts for Summary Judgment) at 3–4, 6, 8–9. And the need for training, supervision, or discipline was obvious because of the continuing swatting calls to Plaintiffs' home.[3]

---

[3] Obviousness is important to both the failure-to-train claims and the qualified immunity analysis. Plaintiffs, in their motion for summary judgment, observed that plaintiffs can defeat qualified immunity by showing that a constitutional violation was obvious or outrageous. ECF 72 at 3, citing *Reed*, 906 F.3d at 547. Plaintiffs argued that Officer Andrew Dudley's search of their cellar; Sgt. Lyndon Evans's search of their home on March 20, 2023; Evans and Officer Nathaniel Petersen's violations on April 12, 2023, and Evans's refusal to leave their porch on April 17, 2023, were all obvious and outrageous constitutional violations, such that they should not be entitled to qualified immunity. ECF 72 at 9, 18, 21, 23; *Reed*, 906 F.3d at 547 ("Instead, plaintiffs can demonstrate clearly established law by proving the defendant's conduct was so egregious and unreasonable that no reasonable official could have thought he was acting lawfully. Outrageous conduct obviously will be unconstitutional.") (alterations accepted and internal marks and sources omitted).

The Court did not consider whether the obviously unconstitutional doctrine defeated Dudley, Evans, and Petersen's claims to qualified immunity. If the Court were going to reconsider any part of its summary judgment decision, it should reconsider its decision to grant Dudley, Evans, and Petersen qualified immunity, in light of the obviously unconstitutional doctrine.

**D. Even if the Court adopted the Eighth Circuit's clearly established law requirement, the City's argument would still fail.**

The City, by rescinding its "agree[ment] that a granting of qualified immunity and dismissal of officers does not automatically warrant a dismissal of the *Monell* claim for that underlying incident," has created a problem it initially solved. ECF 73 at 9.

Defendants' request for summary judgment in its opening brief was undeveloped. ECF 71 at 16. A party moving for summary judgment bears an initial burden of production:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In their request for summary judgment on Plaintiffs' *Monell* claims in their opening briefs, Defendants did not cite the record. ECF 71 at 16. They didn't discuss each constitutional violation for which Plaintiffs alleged the City was liable. ECF 42 (Plaintiffs' second amended complaint), ¶¶239–241, 251–253, 263–265, 276–278, 288–290, 299–301. The Defendants' decision to tether their *Monell* arguments to the Court's qualified immunity analyses relieved them of their summary judgment burden through incorporation.

But that incorporation is gone now. And the City has not fixed its problem. It has not explained why summary judgment is appropriate on each of Plaintiffs' claims of municipal liability. It has not cited to the summary judgment evidentiary record at all. Indeed, it has lumped all of the constitutional violations together as a single *Monell* claim. ECF 81 at 2. That is incorrect. There is not a monolithic *Monell* claim in this case. For each

time Milwaukee officials violated Plaintiffs' constitutional rights, Plaintiffs have alleged that the City is liable.

So even if the Court were to (incorrectly) extend Seventh Circuit case law to adopt the Eighth Circuit's clearly established law requirement, the City still wouldn't be entitled to summary judgment for two reasons. First, they haven't met their initial summary judgment burden. *Celotex Corp.*, 477 U.S. at 323.

And second, the Eighth Circuit's clearly established law requirement does not apply to *all* municipal liability claims. It applies only to failure-to-train, failure-to-supervise, and failure-to-discipline claims. In *Szabla*, the Eighth Circuit distinguished from Supreme Court cases not requiring a finding of clearly established law "because neither of those cases involved an alleged municipal policy of deliberate indifference." *Szabla*, 486 F.3d at 385, distinguishing *Owen*, 445 U.S. at 633 and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 485 (1986). Instead, the Eighth Circuit said, in those cases, "the municipality was liable in each case because a particular municipal action *itself* violated federal law." *Szabla*, 486 F.3d at 385 (emphasis in original).

In the Eighth Circuit, unconstitutional policies, practices, and customs are a "separate doctrine." *Id.* at 392 n.3. "The Eighth Circuit's custom test does not require deliberate indifference to a constitutional right. Instead, the second element of the custom test requires 'deliberate indifference to or tacit authorization' of unconstitutional misconduct by municipal employees." *Riis v. Shaver*, 458 F. Supp. 3d 1130, 1201 (D.S.D. 2020), aff'd, 4 F.4th 701 (8th Cir. 2021). The same is true in the Seventh Circuit: "To demonstrate that [a municipality] is liable for a harmful custom or practice, the plaintiff

must show that [municipal] policymakers were 'deliberately indifferent as to [the] known or obvious consequences.' . . Therefore, in situations where rules or regulations are required to remedy a potentially dangerous practice, the [municipality's] failure to make a policy is also actionable." *Thomas*, 604 F.3d at 303.

Even more, beyond custom or practice, Plaintiffs here have alleged and marshaled evidence that City of Milwaukee policymakers, including the Fire and Police Commission, had actual knowledge of the risk that Plaintiffs' Fourth Amendment rights would be violated and decided not to take action. ECF 42 (second amended complaint), ¶¶239, 251, 263, 276, 288, 299; ECF 65 (joint statement of facts) at 3–4, 6, 8–9. In other words, the City's own policies, or lack thereof, caused Plaintiffs' rights to be violated. Those theories of municipal liability do not require a finding of clearly established law, even in the Eighth Circuit. And the City has not addressed those theories in its summary judgment or in its motion to reconsider. The motion to reconsider should be denied.

## III. CONCLUSION

The Court should deny the City's motion to reconsider. The City's arguments are waived, the City cannot meet the motion to reconsider standard, the City's arguments are contrary to Seventh Circuit case law, and even if they weren't, its arguments would still fail.

Dated: 27 April 2026,

STRANG BRADLEY, LLC

/s/R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch

13

Wisconsin Bar No. 1117722
William E. Grau
  Wisconsin Bar No. 1117724
Jacob A. Idlas
  Wisconsin Bar No. 1078457
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com
Jack@StrangBradley.com

*Attorneys for Plaintiffs*